

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 10, 1976

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-793

Re: Mental hospital
emergency admissions and
related questions.

Dear Mr. Resweber:

You have asked several questions concerning the responsibility of the sheriff with respect to the apprehension, transportation, and detention of persons thought to be mentally ill. The first of them is:

> 1. Must the Sheriff of Harris County comply with Subsection B of Article 5547-28, V.A.C.S. and make application for admission of a patient brought to the hospital by the sheriff pursuant to a warrant issued by a magistrate, when in fact the sheriff has no personal knowledge of the mental state of the patient or the circumstances surrounding the warrant being issued for the patient's apprehension and transportation to the mental hospital?

Articles 5547-27 and 5547-28 of the Texas Mental Health Code, as amended in 1975, read in part:

> Art. 5547-27. Authority of health or peace officer
>
> Any health or peace officer, who has reason to believe and does believe upon the representation of a credible person, in writing, or upon the basis of the conduct of a person or the circumstances under which

he is found that the person is mentally ill
and because of his mental illness is likely
to cause injury to himself or others if not
immediately restrained, <u>may upon obtaining
a warrant from any magistrate</u>, take such
person into custody, and immediately transport
him to the <u>nearest</u> hospital or other
facility deemed suitable by the county
health officer. . . .Such person admitted
upon such warrant may be detained in
custody for a period not to exceed twenty-
four (24) hours, unless a further written
order is obtained from the County Court
or Probate Court of such county, ordering
further detention.

. . .

Art. 5547-28.   Emergency admission

The head of a mental hospital, a general
hospital, or other facility deemed suitable
by the county health officer <u>shall</u> <u>not</u> <u>admit</u>
<u>nor</u> <u>detain</u> any person for <u>emergency</u> observa-
tion and treatment <u>unless</u>:
   (a)   <u>A</u> <u>warrant</u> <u>has</u> <u>been</u> obtained from a
magistrate ordering the apprehension and
taking into custody of such person to be
admitted, <u>or an</u> <u>order</u> <u>of</u> <u>protective</u> <u>custody</u>
<u>has</u> <u>been</u> <u>issued</u> pursuant to Section 66 of
this Code;
   (b)   <u>A</u> <u>written</u> <u>application</u> <u>is</u> <u>made</u> by a
health or peace officer who has such person
in his custody stating the circumstances
under which the person was taken into custody
and the officer's belief and the reasons
therefor that the person is mentally ill and
that because of his mental illness is likely
to cause injury to himself or others if not
immediately restrained; <u>and</u>

> (c)  A <u>written</u> and <u>certified</u> <u>opinion</u> <u>is</u>
> <u>made</u> by <u>the</u> <u>medical</u> <u>officer</u> on duty at the
> hospital or other facility, that after a pre-
> liminary examination, the person has symptoms
> of mental illness and is likely to cause
> injury to himself or others if not immediately
> restrained.  (Emphasis added).

The distinction between an <u>emergency</u> admission pursuant
to article 5547-28, V.T.C.S., and an admission pursuant to
an order of protective custody issued under article 5547-66,
V.T.C.S., can easily be misapprehended.  The latter statutory
provision reads:

> If in the county court in which an Applica-
> tion for Temporary Hospitalization or a
> Petition for Indefinite Commitment is
> pending, a Certificate of Medical Examin-
> ation for Mental Illness is filed showing
> that the proposed patient has been examined
> within five (5) days of the filing of the
> Certificate and stating the opinion of the
> examining physician that the proposed
> patient is mentally ill and because of his
> mental illness is likely to cause injury to
> himself or others if not immediately restrained,
> the judge may <u>order</u> any health or peace officer
> <u>to</u> <u>take</u> <u>the</u> <u>proposed</u> <u>patient</u> <u>into</u> <u>protective</u>
> <u>custody</u> and immediately transport him to a
> <u>designated</u> mental hospital or other suitable
> place and detain him pending order of the
> Court.  (Emphasis added).

A person taken into protective custody under the authority
of article 5547-66, V.T.C.S., and admitted to the <u>designated</u>
hospital in response to the order has not been admitted to
the hospital "for emergency observation and treatment" as
that phrase is used by the Texas Mental Health Code.  Such
an admission is authorized wholly apart from articles 5547-
27 and 5547-28, and the person is detained merely to await
the action of the court on the application or petition
pending before it.

However, a person originally taken into protective custody by an officer for transportation to a designated hospital pursuant to a court order might, by his conduct, convince the officer that immediate, emergency observation and treatment is necessary at the nearest hospital, even though it is not the one designated by the order.  If so, the officer may take the person there, and the protective custody order will serve as a substitute for the magistrate's warrant, which otherwise would be necessary for emergency commitment.  But it does not obviate the need to satisfy other prerequisites to emergency admission.

An officer, such as the sheriff, is not authorized to apply for the emergency admission of a person to a mental hospital under article 5547-28, V.T.C.S., unless the officer believes that the person is mentally ill and that because of his mental illness he is likely to cause injury to himself or others if not immediately restrained.  If the officer who has custody of the person is unable or unwilling (1)  to make a written application for the emergency admission of the person on the statutory basis;  (2)  to state his reasons for that belief, whether based on personal observation or on the representations of a credible person; and (3)  to explain how the person came to be in his custody; then the law does not authorize an emergency admission.

Your next two questions are:

> 2.  When the Sheriff of Harris County presents a patient for admission pursuant to a warrant issued under article 5547-27, V.A.C.S., and refuses to make application for admission of the patient pursuant to Paragraph B of Article 5547-28 because the sheriff has no personal knowledge of the patient's mental state, what should the head of a psychiatric hospital do?

> 3. What minimum requirements must the application for admission outlined in Paragraph B of Article 5547-28, V.A.C.S., meet before the head of a mental hospital may admit a patient?

The sheriff is never authorized to take a person into custody pursuant to article 5547-27, V.T.C.S., unless he "has reason to believe and does believe" that the person is mentally ill and dangerous to himself or others, and unless he has also secured a warrant from a magistrate on that basis. The opinion formed by the sheriff need not be based upon "personal knowledge" of the person's mental state. It can be based upon the representation of a credible person. If the sheriff, after taking a person into custody under the authority of article 5547-27, V.T.C.S., refuses to make application for an emergency admission, then the head of the hospital cannot admit the person on an emergency basis unless, of course, the head of the hospital or another subsequently acts as the officer empowered by article 5547-27 to secure a warrant and take the person into custody.

But the sheriff need make no representations "upon personal knowledge" of the person's mental state. If he satisfies the requirements of article 5547-28(b), which are plainly stated and have been discussed above, the head of the hospital may not refuse emergency admission solely because the sheriff refuses to make the application on the basis of "personal knowledge." It is enough if the sheriff, in writing, states that he believes the person in his custody to be mentally ill and dangerous, and explains the reasons he holds that belief and the circumstances under which he took the person into his custody.

Your fourth and fifth questions are:

> 4. Must the Sheriff of Harris County execute a Writ directing him to transport a patient pursuant to Section 61 of Article 5547, V.A.C.S.?

5. How should the Sheriff determine "if other means are available," as that term is used in Paragraph C of Section 64 of Article 5547, V.A.C.S.?

Articles 5547-61 and 5547-64 read:

Art. 5547-61. Person authorized to transport patient

(a) The court may authorize a relative or other responsible person having a proper interest in the welfare of the patient to transport him to the designated mental hospital.

(b) If the head of the designated hospital advises the court that hospital personnel are available for the purpose, the court may authorize the head of the hospital to transport the patient to the designated mental hospital.

(c) Otherwise, the court may authorize the sheriff to transport the patient to the designated mental hospital.

Art. 5547-64. Transportation of patients

(a) Friends and relatives of the patient at their own expense may accompany him to the mental hospital.

(b) Every female patient shall be accompanied by a female attendant unless accompanied by her father, husband or adult brother or son during conveyance to the mental hospital.

(c) The patient shall not be transported in a marked police or sheriff's car or accompanied by officers in uniform if other means are available.

These two statutes are found in the part of the Texas Mental Health Code having to do with court orders of commitment and they contemplate that a court order will designate the persons responsible for transporting the patient. If the court designates the sheriff as that person, or as one of such persons, it is the duty of the sheriff to discharge the obligation lawfully imposed upon him by the court. V.T.C.S. art. 6873; 52 Tex.Jur.2d, Sheriffs, Constables, and Marshalls, § 8.

Whether the sheriff has available the means other than marked cars or uniformed officers to transport patients is a question of fact that must be reasonably determined by the sheriff in the first instance, taking into consideration all the facts and circumstances existing at the time the question arises. "Available means" must be understood as adequate available means. Undoubtedly, on occasion the emergency may be so acute, or some mental patients may be so violent, that they may be safely transported only in police vans; but, generally, if the sheriff can safely and economically arrange adequate unmarked transportation and nonuniformed accompaniment for the patient, it is his duty to do so.

Your last question is:

> 6. Is the Sheriff of Harris County authorized or required to apprehend and return a patient to a mental hospital who has escaped or whose furlough has been cancelled under the provisions outlined in Section [72] of Article 5547, V.A.C.S.?

Article 5547-72, V.T.C.S., reads:

> Art. 5547-72. Patients absent without authority
>
> (a) The head of a mental hospital shall initiate action to regain custody of any patient who is absent without authority.

> (b) It is the duty of any health or peace officer to take into protective custody and detain any such patient and to report the same to the head of the mental hospital or to the county judge and upon the order of either to transport the patient back to the mental hospital.

The provisions of this statute are plain, but do not apply to voluntary patients. Accordingly, the sheriff has a duty to apprehend and return escaped patients and those who are away without leave. But see Attorney General Opinion M-432 (1969).

## S U M M A R Y

An emergency admission of a patient under article 5547-28, V.T.C.S., may not be made unless the officer having custody of the proposed patient makes the required written application. The officer need only state his belief that the person is mentally ill and dangerous, the reasons for his belief, and the circumstances under which the person came into his custody.

Sheriffs must transport mental patients when ordered to do so by a competent court and must use all reasonable efforts to do so with unmarked cars and nonuniformed people. The sheriff must also apprehend and return escaped patients and those who are away without leave, except for voluntary patients.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb